UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12469-RWZ

THE SANWAN TRUST

v.

LINDSAY, INC.

MEMORANDUM AND ORDER

May 5, 2017

ZOBEL, S.D.J.

Petitioner The Sanwan Trust ("Sanwan") petitions the court to vacate a November 4, 2016, arbitration award (the "Award"), which respondent Lindsay, Inc. ("Lindsay"), separately moves to confirm.[1] For the following reasons, Sanwan's petition is denied and Lindsay's motion is allowed.

I.  **Standard of Review**

"[A] district court's review of an arbitral award must be 'extremely narrow and exceedingly deferential.'" Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) (quoting Wheelabrator Envirotech Operating Services Inc. v. Mass. Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996)). "We have found arbitral awards 'nearly impervious to judicial oversight' because both parties 'have contracted to have disputes settled by an arbitrator' and therefore 'it is the arbitrator's view of the

---

[1] Respondent also moves to dismiss the petition for lack of subject matter jurisdiction. The parties agreed during the hearing on March 16, 2017, that Sanwan's First Amended Petition sufficiently establishes diversity jurisdiction. Accordingly, Lindsay's motion is denied as moot.

facts and the meaning of the contract that they have agreed to accept.'" UMass Mem'l Med. Ctr., Inc. v. United Food and Commercial Workers Union, 527 F.3d 1, 5 (1st Cir. 2008) (quoting Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000); United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37–38 (1987)). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1–16, provides four specific grounds for which federal courts can vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

See 9 U.S.C. § 10(a)(1)–(4). In Hall Street Assoc., LLC v. Mattel, Inc., 552 U.S. 576 (2008), the Supreme Court held that "§ 10 . . . provide[s] the FAA's exclusive grounds for expedited vacatur [of an arbitral award]." 552 U.S. at 585; see Kashner Davidson Sec. Corp. v. Mscisz, 601 F.3d 19, 22 (1st Cir. 2010) (explaining that "the Supreme Court held that the grounds for prompt vacatur or modification of an arbitral award enumerated in [the FAA], 9 U.S.C. §§ 10–11, are exclusive and may not be supplemented by contract").

"To obtain vacatur of an arbitration award, '[i]t is not enough for [a party] to show that the panel committed an error—or even a serious error.'" Raymond James Fin. Serv., Inc. v. Fenyk, 780 F.3d 59, 63 (1st Cir. 2015) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)). Rather, "[t]he challenging party has the burden to establish 'substantially more than an erroneous conclusion of law or

fact.'" Rogers v. Ausdal Fin. Partners, Inc., 168 F.Supp.3d 378, 385 (D. Mass. 2016) (quoting Local Union No. 251 v. Narragansett Imp. Co., 503 F.2d 309, 312 (1st Cir. 1974)).

## II. Analysis

Sanwan moves to vacate the Award "pursuant to 9 U.S.C. § 1 *et seq.*," Docket # 2, at 1, but fails to cite to any particular provision of section 10 under which it seeks vacatur. It states that it seeks vacatur of the Award on two grounds: (1) manifest disregard of the law; and (2) public policy, which it acknowledged are "not listed within § 10." Docket # 3, at 5. Indeed, it argued that the FAA "establishes most, but not all grounds for vacatur of an arbitration award. Courts 'retain a very limited power to review arbitration awards outside of section 10[.]'" Id. at 4 (emphasis added) (quoting Advest, Inc. v. McCarthy, 914 F.2d 6, 8 (1st Cir. 1990)). In response, Lindsay contends that following Hall Street neither ground, independent of any provision under section 10, is an appropriate basis for vacatur under the FAA. Lindsay is correct.

### A. Manifest Disregard of the Law

Prior to Hall Street, the First Circuit recognized that "manifest disregard of the law" is a "non-statutory standard of review." See McCarthy v. Citigroup Global Markets Inc., 463 F.3d 87, 91 n.6 (1st Cir. 2006) (quoting P.R. Tel. Co., Inc. v. U.S. Phone Mfg. Corp., 427 F.3d 21, 25 (1st Cir. 2005) (explaining that earlier case law holding that "'[u]nder the FAA, an award may be vacated for legal error only when in 'manifest disregard of the law' . . . means that the FAA does not foreclose extra-statutory judicial review of arbitration awards on a limited basis," and not that this standard of review "is

3

part of the FAA itself"). Following Hall Street, the First Circuit has not "squarely determined whether [its] manifest disregard case law can be reconciled with Hall Street." Kashner, 601 F.3d at 22. It has, however, stated, in dicta, that "[w]e acknowledge the Supreme Court's recent holding in [Hall Street] that manifest disregard of the law is not a valid ground for vacating or modifying an arbitral award in cases brought under the [FAA]." Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 124 n.3 (1st Cir. 2008). Further, to the extent the standard survives, "Hall Street compels the conclusion that it does so only as a judicial gloss on § 10." Ortiz-Espinosa v. BBVA Sec. of P.R., Inc., 852 F.3d 36, 46 (1st Cir. 2017); see Hall Street, 552 U.S. at 585 ("Or, as some courts have thought, 'manifest disregard' may have been shorthand for § 10(a)(3) or § 10(a)(4)[.]").

In attempting to align its position with this case law, and "link[] the manifest disregard argument directly to § 10," Docket # 25, at 4, Sanwan does an about-face and contends, in its reply memorandum, "that the arbitrator imperfectly executed his power [by recognizing but failing to apply the correct law]." Id. I read this statement to mean that Sanwan now wants the court to understand its argument as brought under section 10(a)(4). See id. (citing 9 U.S.C. § 10(a)(4)).

In order to succeed on this basis, Sanwan must show that "the arbitrator[] appreciated the existence of a governing legal rule but wilfully decided not to apply it." Advest, Inc., 914 F.2d at 10. "The hurdle is a high one." Id. "'As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' a court's conviction that the arbitrator made a serious mistake or committed grievous error will not furnish a satisfactory basis for undoing the decision." Id. at 9

4

(quoting Misco, Inc., 484 U.S. at 38).

Sanwan's arguments rest on two provisions in the Agreement. Specifically, Article 11 provides that after "[t]he making and acceptance of the final payment," Sanwan waives all claims "other than those arising out of . . . faulty work appearing thereafter, as provided for in Article 9. . . ." See Docket # 18-1, at 7. Article 9 states that Lindsay "shall remedy any defects due to faulty materials or workmanship which appear within one (1) year from the date of the completion of the contract." Id. Sanwan argues that, under Creative Playthings Franchising, Corp. v. Reiser, 978 N.E.2d 765 (Mass. 2012): (1) a contractual limitations of repose is per se unreasonable because "the power to create limitations of repose [is reserved] to the legislature," Docket # 3, at 10; (2) a contractually shortened limitations period must be reasonable and not contrary to a controlling statute; and (3) a contractual limitations period that does not permit the operation of the discovery rule would be unreasonable. See id., 9–11.

As to its first point, Sanwan contends that the one-year limitation in the Agreement "was a limitation of repose[2] because . . . [it] did not allow for claims arising from latent defects to be brought upon discovery." Docket # 3, 7–8. Thus, it argues, although the arbitrator cited to Creative Playthings, which evidences his appreciation of the governing rule, he manifestly disregarded it by upholding a contractual limitation of repose which, Sanwan argues, under Creative Playthings is (1) per se unreasonable; (2) contrary to Massachusetts General Laws chapter 260, section 2B ("section 2B"),

---

[2] "Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts. . . . But the time periods specified are measured from different points." CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182 (2014). For a statute of limitations, the time period is measured from when the claim accrues. Id. For a statute of repose, the time period is measured "from the date of the last culpable act or omission of the defendant." Id.

which imposes a six-year limitation of repose on construction defect claims; and (3) unreasonable because it does not permit the operation of the discovery rule.

Here, although the one-year limitation does appear to be a contractual limitations of repose, the arbitrator interpreted it to be a contractually shortened statute of limitations, which the Massachusetts Supreme Judicial Court has held is generally enforceable provided that the limitation is reasonable. Creative Playthings, 978 N.E.2d at 769–70. And he found the one-year limitation to be reasonable, in light of all the facts, including that "[t]he credible evidence established that the Contract Agreement was subject to negotiation between The Sanwan Trust and Lindsay, Inc." Docket # 18-1, at 15. Even if the arbitrator committed a serious error by interpreting the contractual provision as a statute of limitations and not a statute of repose[3], and therefore, also failed to consider section 2B, it is not a sufficient basis to vacate the Award. See Misco, Inc., 484 U.S. at 38 ("[T]hat a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision.").

Further, Sanwan's argument regarding the discovery rule fails because it presumes that the rule is applicable. The arbitrator, however, analyzed and resolved the question whether the provision violates the discovery rule. "The rule . . . operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured . . . ." Patsos v. First Albany Corp., 741 N.E.2d 841, 846 (Mass. 2001). It applies in three circumstances—namely, "where a misrepresentation

---

[3] Although Sanwan argues that the one-year limitation is a limitation of repose, it, too, relies on language from Creative Playthings that governs the analysis of contractually shortening statute of limitations periods. See e.g., Docket # 3, at 8–13; see also Creative Playthings, 978 N.E.2d at 769–70.

concerns a fact that was 'inherently knowable' to the injured party, where a wrongdoer breached some duty of disclosure, or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with the intent to deceive." Id. (quoting Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (Mass. 1997). Here, the arbitrator found that none of the three circumstances existed to trigger application of the discovery rule. See Docket # 18-1, at 15–16 (explaining why the discovery rule did not toll the limitations period). This finding is not open to judicial challenge.[4] See El Dorado Tech. Serv., Inc. v. Union General De Trabajadores de P.R., 961 F.2d 317, 320 (1st Cir. 1992) ("[A]n arbitrator's factual findings are not open to judicial challenge. Even if the arbitrator was seriously mistaken about some of the facts, his award must stand."). Thus, Sanwan cannot show that the Award is "unfounded in reason and fact" or "based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling." See Advest, Inc., 914 F.2d at 8; see also Misco, Inc., 484 U.S. at 38 (explaining that a court cannot vacate an award "as long as the arbitrator is even arguably construing or applying the contract").

**B. Public Policy**

Prior to Hall Street, courts also recognized vacating an arbitration award if it contravened public policy that is "explicit," "well defined," and "dominant." See W.R. Grace and Co. v. Rubber Workers, 461 U.S. 757, 766 (1983). Like the judicially created standard of manifest disregard of the law, "[t]he public policy exception to the

---

[4] In arguing that the limitations period is unreasonable, Sanwan also appears to re-argue that Lindsay "concealed a latent problem." See Docket # 3, at 9. The arbitrator explicitly rejected this argument and found that Lindsay did not conceal the window repair with the intent to deceive Sanwan. See Docket # 18-1, at 16. Again, this finding is also not open to judicial challenge. See El Dorado Tech. Serv., Inc., 961 F.2d at 320.

enforcement of arbitral awards finds its roots in basic contract law." Bos. Med. Ctr. v. Serv. Employees Intern. Union, Local 285, 260 F.3d 16, 23 (1st Cir. 2001). Unlike the manifest disregard of the law standard, however, there has been no discussion following Hall Street by the First Circuit about whether a violation of public policy survives as a basis for vacatur under the FAA. Cases suggest that, to the extent that it survives, it, too, would only do so as a judicial gloss on section 10. See Stolt-Nielson, 559 U.S. at 672 ("[A]n arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his] powers,' for the task of an arbitrator is to interpret and enforce a contract, not to make public policy."); see also Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 242 (1st Cir. 1995) (entertaining plaintiff's claim to vacate the award due to a violation of public policy, which the court "presume[d] [plaintiff was bringing under] Section 10(a)(4) of the FAA").

However, although Sanwan raised in its reply memorandum that its manifest disregard of the law argument is one made under section 10(a)(4), it fails to make any such assertion for its violation of public policy argument.[5] Moreover, each of the cases Sanwan cites in support of its position pre-dates Hall Street, which explicitly abrogated the right to review an award under the FAA on non-statutory grounds. See Hall Street, 552 U.S. at 592. Thus, its motion to vacate on this ground is not viable. See id.; see

---

[5] In any event, I find that Sanwan has failed to establish an "explicit," "well defined," and "dominant" policy that the Award violates. Although the court in Creative Playthings stated in dicta that a contractually shortened limitations of repose "would be per se invalid and unenforceable," 978 N.E.2d at 770, the court relied on two cases that involved the issue whether courts could toll a statute of repose longer than—not shorter than—the outer time limit set by the legislature. See id. (citing Sisson v. Lhowe, 954 N.E.2d 1115 (Mass. 2011); Joslyn v. Chang, 837 N.E.2d 1107 (Mass. 2005)). Moreover, "[w]here public policy so requires, the Legislature may enact restrictions on, or prohibit, contractually shortened limitations periods, as it has in the case of insurance contracts." Creative Playthings, 978 N.E.2d at 769–70. Section 2B does not include such restrictions or prohibition. Thus, because Sanwan has failed to establish a clear public policy that the Award violates, I do not find any grounds to vacate it.

also Ramos-Santiago, 524 F.3d at 124 n.3. Accordingly, Lindsay's request to confirm the Award is allowed. See 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].").

III. Conclusion

Lindsay's Motion to Dismiss Petition of the Sanwan Trust to Vacate Arbitration Award for Lack of Subject Matter Jurisdiction (Docket # 14) is DENIED as moot because the parties agreed during the hearing on March 16, 2017, that Sanwan's First Amended Petition sufficiently establishes diversity jurisdiction.

The Sanwan Trust's Motion to Vacate Arbitration Award (Docket # 2) is DENIED, and Lindsay, Inc.'s Petition to Confirm Arbitration Award (Docket # 19) is ALLOWED. Judgment may be entered for respondent.

|  |  |
|---|---|
| May 5, 2017 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES SENIOR DISTRICT JUDGE |